here are business transactions, within the power of the corporation, it may be, but only in aid of its substantive business, and incidentally necessary, perhaps, to its accomplishment.

Further illustrations might be drawn from the existence of very numerous banks, and manufacturing and other corporations, in the various states of the Union, which, although carrying on the business for which they are incorporated within the states where they are created, nevertheless have, for very important and necessary incidental transactions continuous agencies in one or more of our principal cities. It was not intended, by reason of such transactions, to subject them to proceedings in bankruptcy where those agencies were maintained, whether there conducted by agents under one name or another, either officers, clerks, or by whatever name or official relation designated.

In view of all the considerations which I have suggested, I am of opinion, that, in reference to a railroad corporation created by the state of Alabama, for the building, maintaining, and operating a railroad in that state, a construction of the act which subjects it to proceedings in bankruptcy in this district is not reasonable, not required by the language of the statute, and not according to its intention. I do not fail to see, that the contrary may be plausibly argued, as, in fact, it has been, plausibly and ably, by the counsel for the creditor. But the corporation cannot itself remove to this district. It cannot, in this district, carry on the business for which it was created. It can only, out of sufferance, do here such collateral or incidental things as are not its substantive business, but only aids thereto, or which facilitate its accomplishment.

It follows, that the objection to the jurisdiction of the district court for the southern district of New York should have been sustained, and the petition of the creditor dismissed. The adjudication declaring the company a bankrupt is, accordingly, reversed.

---

## Case No. 125.

### In re ALABAMA & C. R. CO.

[Nowhere reported; opinion not now accessible.]

#### Circuit Court, D. Georgia.

[Cited in Alabama & C. R. Co. v. Jones, Case No. 127.]

---

### ALABAMA & C. R. CO., (BLAKE v.)

[See Blake v. Alabama & C. R. Co., Case No. 1,493.]

---

### ALABAMA & C. R. CO., (DAVENPORT v.)

[See Davenport v. Alabama & C. R. Co., Case No. 3,588.]

## Case No. 126.

### ALABAMA & C. R. CO. v. JONES.

[5 N. B. R. (1871,) 97.]

#### Circuit Court, S. D. Alabama.

BANKRUPTCY — JURISDICTION OF CIRCUIT COURT— AUTHORITY OF COUNSEL—SUFFICIENCY OF PETITION — REVIEW — CORPORATIONS — SERVICE OF PROCESS.

[1. The statement of counsel that they are authorized by a corporation to file a petition in the circuit court for a review of the proceedings in bankruptcy against the company in the district court, and to appear for the company in the circuit court, must be taken as conclusive evidence of their authority, in the absence of proof to the contrary.]

[2. Service of the petition for review in such case on the attorneys of the creditor on whose petition the proceeding below was begun is sufficient.]

[3. The fact that Act Cong. Feb. 6, 1839, (5 Stat. 315,) § 8, vests the district court for the middle district of Alabama with the jurisdiction of the circuit court, except in cases of appeal and writs of error, does not deprive the circuit court in that district of jurisdiction to review an adjudication in bankruptcy by the district court,—under the second section of the bankrupt act of 1867, giving the circuit court, within and for the district in which the proceeding in bankruptcy is pending, a general superintendence and jurisdiction of bankruptcy proceedings.]

[4. A railroad company is a "business corporation," within the bankrupt act of 1867, § 37, providing that such corporations may be adjudged bankrupt.]

[Cited in New Orleans, S. F. & L. R. Co. v. Delamore, 5 Sup. Ct. Rep. 1011, 114 U. S. 501; In re Pacific R. Co., Case No. 2.315; Winter v. Railway Co., Id. 17,890; Sweatt v. Boston & C. R. Co., Id. 13,684.]

[See, also, Adams v. Railroad Co., Case No. 47.]

[5. A petition for adjudication of bankruptcy against a railroad company, on the ground that it had fraudulently stopped payment of its commercial paper, which fails to aver, in the terms of the act, (section 39,) that the company was a "banker, broker, merchant, trader, manufacturer, or miner," is fatally defective; and where no proof of such facts is offered, the petition should be dismissed.]

[6. Provisions of the charter authorizing the company to erect and carry on machine shops, iron furnaces, rolling mills, etc., to manufacture materials for its equipment, do not constitute the company a "manufacturer," within the act.]

[7. A railroad company was chartered in each of the states of Tennessee, Georgia, Alabama and Mississippi. In proceedings in bankruptcy against it, in a district court in Alabama, an order to show cause was served by delivering a copy to the general superintendent of the company at Chattanooga, Tenn. Held, that the service was not sufficient, under section 40 of the bankrupt act of 1867, providing that "if such debtor cannot be found," or his place of residence ascertained, service shall be made by publication; the language "cannot be found" meaning "found," within the jurisdiction of the court. The service should have been by publication.]

[8. The fact that the railroad was chartered in the four states did not make it one corporate body on which service could be made at its residence in any one of those states.]